AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| In the Matter of the Seizure of | ) | |
| **$33,910.00 IN THE CUSTODY OF THE GLENDALE POLICE DEPARTMENT** | ) ) ) | Case No. 2:23-mj-05834 |
| | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property is subject to seizure by and forfeiture to the United States pursuant to 18 U.S.C. § 981(b), 21 U.S.C. § 881(b), and 21 U.S.C. § 853(f), and 21 U.S.C. § 881(a)(6):

*$33,910.00 in the custody of the Glendale Police Department*

located in the Central District of California, in connection with one or more violations of 21 U.S.C. § 841 et seq. The basis for the seizure under 18 U.S.C. § 981(b) is that the funds represent proceeds of the alleged criminal violations, and represent *(check one or more)*:

☐ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The seizure is related to one or more violations of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 et seq. | Currency furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, or represents proceeds of such an exchange |

The application is based on these facts: *See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of_____days (*give exact ending date if more than 30 days*:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*/s/ Steve Jin*
*Applicant's signature*

_____
Steve Jin, Special Agent, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: Los Angeles, CA

_____
Hon. Jean P. Rosenbluth U.S. Magistrate Judge
*Printed name and title*

AUSA: Tara B. Vavere/hw

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT**

I, Steve Jin, being duly sworn, declare and state:

## I.  **INTRODUCTION**

1.   I am a Special Agent with the Drug Enforcement
Administration ("DEA") and have been so employed since September
2010.  I am an investigator or law enforcement officer of the
United States, within the meaning of 18 U.S.C. § 2510(7), and I
am empowered by law to conduct investigations of, and to make
arrests for, the offenses enumerated in 18 U.S.C. § 2516.  I am
currently assigned to the DEA's Los Angeles Field Division,
Southern California Drug Task Force, High-Intensity Drug
Trafficking Area, Group 45 which is tasked with, among other
things, investigating crimes related to the diversion of
pharmaceutical drugs.  I completed the DEA Basic Agent School, a
19-week intensive training program at the DEA Academy in
Quantico, Virginia, where I received over 300 hours of
comprehensive, formalized instruction in such matters as drug
identification, detection, and interdiction; money laundering
techniques; and asset identification, seizure, and forfeiture.
During my tenure as a Special Agent with the DEA, I have
participated in numerous investigations involving the
trafficking, smuggling, and distribution of drugs by large-scale
domestic and foreign drug trafficking organizations ("DTOs").  I
have become familiar with the methods used by individuals
involved in DTOs to conduct various criminal activities,
including the unlawful importation, transportation, and

distribution of controlled substances, money laundering, and firearms offenses.

2.    Unless stated otherwise, I have personal knowledge of the matters set out in this Affidavit.  To the extent that any information in this affidavit is not within my personal knowledge, it was made known to me through reliable law enforcement sources, and I believe it to be true.

3.    Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause to support the seizure of the subject funds.  Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part.  The events described in this affidavit occurred on or about the dates provided herein.  Where figures, calculations, dates, and times are reported herein, they are approximate.

## II.  **PURPOSE OF AFFIDAVIT**

4.    This affidavit is made in support of an application for a warrant to seize $33,910.00 in U.S. currency (the "SUBJECT CURRENCY"), currently held by the Glendale Police Department ("GPD") in the Central District of California.

5.    The SUBJECT CURRENCY is subject to seizure pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b) and forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that the SUBJECT CURRENCY was furnished or

intended to be furnished by any person in exchange for a
controlled substance or listed chemical, or represents proceeds
of such an exchange, in violation of 21 U.S.C. § 841 et seq.

6.   In addition, the SUBJECT CURRENCY is subject to
seizure pursuant to 21 U.S.C. § 853(f) because there is probable
cause to believe that the property to be seized would, in the
event of conviction, be subject to forfeiture, and an order
under 21 U.S.C. § 853(e) may not be sufficient to assure the
availability of the property for forfeiture.

### III.  SUMMARY OF FACTS ESTABLISHING PROBABLE CAUSE FOR SEIZURE/FORFEITURE

7.   On July 17, 2023, defendant Michael Todd THACKER
pleaded guilty to, among other crimes, possession with intent to
distribute fentanyl, methamphetamine, cocaine, and crack cocaine
in violation of 21 U.S.C. § 841(a)(1).  In the plea agreement,
THACKER admitted that the SUBJECT CURRENCY found in his
apartment was the proceeds of his drug trafficking activity.  He
also agreed to forfeit all right, title, and interest in and to
all monies and/or assets derived from, or acquired because of,
his drug trafficking activities.  Because the SUBJECT CURRENCY
is in the custody of Glendale Police Department ("GPD"), I seek
this warrant to seize the SUBJECT CURRENCY for purposes of
initiating Federal forfeiture proceedings.

### IV.  FACTS ESTABLISHING PROBABLE CAUSE

8.   Based on my review of GPD and DEA reports, a
California state search warrant, and a federal search warrant

authorized by the Hon. Gail J. Standish[1], I am aware of the following:

      a.   The SUBJECT CURRENCY was seized on or about June 8, 2021, by GPD during the execution of a State of California search warrant at THACKER's apartment in Glendale, California.

      b.   On June 8, 2021, while conducting surveillance based on a source of information's tip that THACKER was a narcotics trafficker, GPD officers saw THACKER engage in a hand-to-hand transaction with an individual.  During the transaction, THACKER handed a small item to the individual, who in turn handed THACKER money.  Law enforcement detained and searched the man who gave THACKER money and found a small baggie containing suspected methamphetamine.  The purchaser then told law enforcement that he purchased the methamphetamine from THAKCER.  Law enforcement then detained THACKER, who told law enforcement that he was living in Apartment 114 at 7316 Santa Monica Boulevard in West Hollywood, California.  Law enforcement then secured Apartment 114 and obtained a California state search warrant to search the apartment.

      c.   During the search of THACKER's apartment, law enforcement officers found the following: $33,910 in U.S. currency (i.e., the SUBJECT CURRENCY); a large amount of new plastic baggies; two operable digital scales; spiral notebooks containing detailed pay/owe sheets; approximately 903.51 grams of fentanyl; approximately 100 grams of methamphetamine;

---

[1] In re Search of one black iPhone, Glendale Police Department Tag Number 30045846 and Item Number 38, Case No. 2:21-MJ-05718 (Dec. 22, 2021.)

approximately 791.9 grams of cocaine; and approximately 19.5 grams of crack cocaine. THACKER's California driver's license was also located in his bedroom.

9.   Based on my review of the indictment in <u>United States v. Michael Todd Thacker</u>, CR No. 22-00464-RGK, I am aware of the following: On October 7, 2022, defendant was indicted by a grand jury charging: (i) possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); (ii) possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); (iii) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II); (iv) possession with intent to distribute cocaine base in the form of crack cocaine ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and (v) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); and (vi) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  <u>See</u> <u>United States v. Michael Todd Thacker</u>, CR No. 22-00464-RGK, Dkt. 1.

10.   Based on my review of the plea agreement in <u>United States v. Thacker</u>, I am aware of the following: On July 17, 2023, THACKER pleaded guilty to all of the charges in the indictment except for the violation of 18 U.S.C. § 924(c)(1)(A)(i), which the government agreed to dismiss at sentencing.  <u>See</u> <u>Thacker</u> at Dkt. 40 (plea agreement); Dkt. 46 (minutes of change of plea).  Attached as <u>Exhibit 1</u> is THACKER's plea agreement, which is also incorporated herein by reference.

a.    In the plea agreement, THACKER admitted to the factual allegations contained in Paragraph 9 above.  See Exhibit 1 at 11.  THACKER also admitted "that the $33,910 in U.S. currency [i.e., the SUBJECT CURRENCY] were the proceeds of his drug trafficking activity."  Id.

b.    THAKCER also agreed to "forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty."  Id. at 2-3.

11.  The SUBJECT CURRENCY is currently in the custody of the GPD, within the Central District of California.

### V.    CONCLUSION

12.  The evidence set out above establishes probable cause to believe that the SUBJECT CURRENCY is subject to seizure pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b) and forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that the SUBJECT CURRENCY was furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, or represents proceeds of such an exchange, in violation of 21 U.S.C. § 841 et seq.

13.  In addition, the SUBJECT CURRENCY is subject to seizure pursuant to 21 U.S.C. § 853(f) because there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture, and an order

under 21 U.S.C. § 853(e) may not be sufficient to assure the
availability of the property for forfeiture.

_/s/ Steve Jin_
Attested to by the applicant in
accordance with the requirements of
Fed. R. Crim. P. 4.1 by telephone

Steve Jin
Special Agent
Drug Enforcement Administration

Subscribed and sworn before me
on this 13th day of November,
2023.

HONORABLE JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE